UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ISMAEL ARENAS GONZALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-1716 (ABJ) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a federal prisoner, brought this action against the United States Department of Justice under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, in an effort to obtain records allegedly maintained by the Executive Office for United States Attorneys ("EOUSA"). The defendant has moved for summary judgment.

Plaintiff submitted his first request to the United States Attorney's Office for the District of Colorado on December 28, 2015. *See* Compl. ¶¶ 1, 7; Mem. in Support of Def.'s Mot. for Summ. J. ("Def.'s Mem."), Luczynski Decl. ¶ 4. Among other information, plaintiff sought "[a] copy of all bonds used in bonding [his criminal case]," "[a] copy of all bond applications and preliminary documents used for preparing and acquiring bonds….," and "[a] copy of the prosecutor's bond which allows him to act in the public and without which he is an imposter." Compl., Ex. at 6-7.[1] Plaintiff also asked the agency to "verify … if this United States District Court is a Register Corporation as an Article III Constitutional Court: Ordained by Congress." *Id.*, Ex. at 7.

---

[1] The complaint and of its exhibits appear in a single docket entry [ECF No. 1]. Plaintiff did not designate each exhibit by letter or number, and the Court refers to the exhibits by the page numbers designated by CM/ECF.

1

According to the declaration submitted in support of the government's motion for summary judgment, the EOUSA received this request on February 4, 2016 and assigned it a tracking number, FOIA-2016-01208. Luczynski Decl. ¶¶ 4-5; *see* Errata, Exs. A-B. The agency further has averred that "a search for records located in the United States Attorney's Office for the District of Colorado has revealed no responsive records[.]" Luczynski Decl. ¶ 6; *see* Errata, Ex. C.

Plaintiff's second request to the United States Attorney's Office for the District of Colorado, sent on February 26, 2016, included "several pages containing a list of the information [he] was seeking." Luczynski Decl. ¶ 7; *see* Compl., Ex.at 9-15. ("I am requesting a copy of the dates and hourly times of any and all court hearing in this case…;" "… a copy of any and all documents or paper work that was produced and or made by the state court in this case …;" "… a copy of any and all paper work of documents that the state prosecutor or D.A. produced or made up in this state case …;" "… a copy of any and all forensic evidence …;" etc.). The EOUSA construed this second request as one "for all information regarding [plaintiff] and his case numbers 04-cr-00282 and 04F22213," Luczynski Decl. ¶ 7, and assigned it a tracking number, FOIA-2016-02050, *see* Errata, Ex. E.

By letter dated June 13, 2016, the EOUSA notified plaintiff that the FOIA Contact at the United States Attorney's Office for the District of Colorado had located two boxes of potentially responsive records, and estimated that each box contained between 2,000 and 4,000 pages of records. Luczynski Decl. ¶ 9; *see* Errata, Ex. F. The EOUSA advised plaintiff that the estimated cost of processing and duplicating responsive records (not including 100 pages of records provided at no charge) was $195. Luczynski Decl. ¶ 9. Plaintiff was instructed:

> In accordance with Federal Regulation 28 CFR 16.11(e), when a requester has been notified that estimated fees amount to more than $25.00, the request shall not be considered received and further work shall not be completed until the requester agrees to pay the

2

> anticipated fees. If you wish to reduce the amount of fees, you may reformulate your request. Records identified for release after processing will not be released until payment has been received.
>
> In order for your request to be processed, we must hear from you within 30 days of the date of this letter or we will close your request.

Errata, Ex. F at 1. EOUSA received no further communication from plaintiff and closed the request. Luczynski Decl. ¶ 10.

Plaintiff filed this action on July 28, 2016.[2] Leaving aside allegations of conspiracy and assertions of constitutional violations during the course of the criminal proceedings, the complaint pertained to plaintiff's two FOIA requests to the United States Attorney's Office for the District of Colorado, copies of which were attached to the pleading. *See* Compl. ¶¶ 7-9; *see generally id.*, Ex. at 5-7, 9-15.

On August 22, 2017, defendant moved for summary judgment, arguing that the EOUSA conducted reasonable searches for records responsive to plaintiff's FOIA requests. *See generally* Def.'s Mem. at 3-5. It made no legal argument with respect to the closure of FOIA-2016-02050 after the EOUSA received no response from plaintiff regarding estimated search and copy fees.

On August 24, 2017, the Court issued an Order advising plaintiff of his obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Specifically, the Court notified plaintiff that, if he failed to file an opposition or other response to defendant's motion by October 2, 2017, the Court would treat as undisputed Defendant's Statement of Material Facts As To Which There Is No Dispute, ECF No. 18-2. Plaintiff has

---

[2] The original complaint bars a date stamp indicating that the Clerk of Court received the pleading on July 28, 2016. The Court treats the complaint as if it had been filed on that date.

communicated with the Court twice by letter, *see* ECF Nos. 20 and 21, yet neither letter responds to defendant's legal arguments.

At this juncture, Local Civil Rule 7(b) would permit the Court to "treat . . . as conceded" a motion not met with a timely opposing memorandum of points and authorities. The United States Court of Appeals for the District of Columbia Circuit has raised concerns, however, about the use of Local Civil Rule 7(b) to grant an unopposed motion for summary judgment. *See generally Winston & Strawn, LLP v. McLean*, 843 F.3d 503 (D.C. Cir. 2016). Notwithstanding the rule's value as an important "docket-management tool that facilitates efficient and effective resolution of motions," *Cohen v. Bd. of Trustees of the Univ. of the District of Columbia*, 819 F.3d 476, 48 (D.C. Cir. 2016) (citations omitted), Local Civil Rule 7(b) "cannot be squared with Federal Rule of Civil Procedure 56," *Winston & Strawn*, 843 F.3d at 506. "The burden is always on [the defendant] to demonstrate why summary judgment is warranted." *Id*. at 505.

The Court "must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (citation omitted) (Griffith, J., concurring). Therefore, the Court will assess the case on its merits.

An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (citations and internal quotation marks omitted). The defense provides two supporting declarations. Mr. Luczynski offers a general description of the FOIA Contact's search of records located in the United States Attorney's Office for the District of Colorado, *see* Luczynski Decl. ¶ 11, and the results of two searches, *see id*. ¶¶ 6 (FOIA-2016-01208), 9 (FOIA-2016-02050).

While it is true that the search appears to have yielded a substantial quantity of documents, the Luczynski declaration includes only a vague and conclusory description of the search that was undertaken. Therefore, it falls just short of a "reasonably detailed [declaration] setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched," *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)), on which the Court might rely.

Also, for reasons that are not entirely clear, the defense also provides a declaration from Theresa D. Jones, the FOIA Contact in the United States Attorney's Office for the District of Columbia ("USAO-DC"), and this muddies the waters instead of clarifying things. Ms. Jones describes a search for records potentially responsive to FOIA-2016-2150, in particular, plaintiff's request for records "to prove [his] background is clean of any criminal records," by searching case management systems used in the USAO-DC, *see* Def.'s Mem., Jones Decl. ¶¶ 1, 3-11. Ms. Jones also refers to the FOIA request involved in her search as 2016-2150, Jones Decl. ¶ 7, which is different from the 2016-2050 number specified in the Luczynski declaration.

The problem is that plaintiff sent both of his FOIA requests to the United States Attorney's Office for the District of Colorado, and each request mentions criminal cases in federal and state courts in Colorado. Defendant admits that "the [USAO-DC] would not have records related to plaintiff's prosecution" because it "took place in the District of Colorado," Luczynski Decl. ¶ 11, so defendant's submission on summary judgment fails to explain the relevance or the reasonableness of a search for records located in the USAO-DC instead of similar record systems in Colorado.

Under all of these circumstances, defendant "leaves substantial doubt as to the sufficiency of the search[es]," *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990), and it has failed to meet its burden on summary judgment.

Accordingly, it is hereby

ORDERED that Defendant's Motion for Summary Judgment [18] is DENIED WITHOUT PREJUDICE.

SO ORDERED.

DATE: January 3, 2018
/s/
AMY BERMAN JACKSON
United States District Judge