**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ISMAEL ARENAS GONZALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-1716 (ABJ) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, a federal prisoner, brought this action against the United States Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, challenging the response of the Executive Office for United States Attorneys ("EOUSA") to his two FOIA requests. For the reasons discussed below, the Court will grant defendant's Renewed Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 28), and it will enter judgment in favor of the defendant.

I. BACKGROUND

A. FOIA 2016-01208

Plaintiff submitted his a FOIA request to the United States Attorney's Office for the District of Colorado ("USACO") on December 28, 2015. *See* Compl. ¶¶ 1, 7; Mem. in Support of Def.'s Renewed Mot. to Dismiss or in the Alternative Mot. for Summ. J. ("Def.'s Mem."), Luczynski Decl. ¶ 4; Def.'s Statement of Material Facts To Which There Is No Dispute ("SOMF") ¶ 1. He identified his criminal case by number, 04-cr-0282-D, and listed the documents he sought:

> 1) A copy of all bonds used in bonding the above-referenced case(s), which is lawful if stamped "copy," and/or printed at 75% of the original size
>
> 2) A copy of all bond applications and preliminary documents used for preparing and acquiring bonds for the above-referenced case(s).

1

3) A copy of documentation, or a print out, showing a) where and to whom the bonds were sent, b) with whom or what agency or company the bonds were/are registered, and c) who is currently the older of said bonds . . . .

4) A copy of the prosecutor's bond which allows him to act in the public, and without which he is an imposter.

5) The prosecutor's bar no: <u>unknown, but name is Mr. Guy Till, et al.</u>

6) Also verify on a sep[a]rate piece of letterhead if this United States District Court is a register corporation as an Article III constitutional court; ordained by Congress

7) Since the federal corporation is bankrupt, did the state corporation bond this case <u>04-cr-0282-D</u>

8) 12 AMJ 2d § 9 without an arrest warrant executed within the 10 days allowed by law there cannot be a bond. 1997 Edition Page 375

Luczynski Decl., Ex. A at 1-2 (page numbers designated by plaintiff) (emphasis in original).[1]

Plaintiff also asked the agency to "verify … if this United States District Court is a Register Corporation as an Article III Constitutional Court: Ordained by Congress." *Id*., Ex. A at 2; SOMF ¶ 2. EOUSA assigned the request a tracking number, FOIA-2016-01208. Luczynski Decl. ¶¶ 4-5; *see id*., Ex. B.

Teresa Robinson, USACO's Freedom of Information Act/Privacy Act Coordinator, determined that the office had no records responsive to plaintiff's first FOIA request. Def.'s Mem., Robinson Decl. ¶ 5. She came to this conclusion after having consulted the "individual . . . most familiar with [plaintiff's] criminal file," the Assistant United States Attorney ("AUSA") who prosecuted plaintiff's criminal case. *Id*. ¶ 6. Based on this consultation, Ms. Robinson stated:

> The prosecuting AUSA indicated that for items one through four . . . the request did not make sufficiently clear what types of documents these requests sought, and he did not interpret these requests to be seeking appearance bond documents. Furthermore, in Mr. Gonzales's case, he was detained without a bond, so no such documents existed pertaining to Mr. Gonzales.

---

[1]  Exhibits to the Luczynski Declaration appear in an Errata, ECF No. 22-1.

The USACO also determined that it could not perform a search for items 5-8 of the request, because those items did not request agency records in the possession, custody, or control of the USACO. Instead, those items were questions, statements, and/or asked the USACO to create documents.

Robinson Decl. ¶¶ 6-7; SOMF ¶¶ 10-11. The search "revealed no responsive records[.]"

Luczynski Decl. ¶ 6; *see id*., Ex. C; SOMF ¶ 3.

B. FOIA 2016-02050

Plaintiff submitted a second request to USACO, which included "several pages containing a list of the information [he] was seeking." Luczynski Decl. ¶ 7; *see id*., Ex. D at 3-7 (page numbers designated by plaintiff); SOMF ¶¶ 4, 12. EOUSA construed this second request as one "for all information regarding [plaintiff] and his case numbers 04-cr-00282 and 04F22213," Luczynski Decl. ¶ 7, and assigned it a tracking number, FOIA-2016-02050. *Id*.; *see id*., Ex. E; SOMF ¶ 5.

Ms. Robinson describes her search method as follows:

> After reviewing a FOIA request, I conduct a search of the Legal Information Network System (LIONS or CaseView) to determine the following: (1) if there is a case regarding the subject matter of the request, (2) if the requester is a criminal defendant, (3) if the case is open or closed, and, finally, (4) who the assigned USACO Assistant United States Attorney(s) (AUSA) is or was. If the requester is a criminal defendant, I compare the participant information screen in LIONS to the identifying information provided by the requester. For example, I compare the social security number, Marshals number, and date of birth, to verify I am retrieving the correct case file. Next I retrieve the docket sheet to gain an understanding of what transpired in the case. I then contact the assigned AUSA(s) and his/her legal assistant (if the AUSA is still employed with the USACO), giving them notice that a FOIA request has been received on the case and a copy of the request. I ask the AUSA(s) to search their computer drives, e-mail account, T: drive, and hard-copy documents, for any documents which would fit the parameters of the request and respond to the email indicating their findings. I also ask the AUSA(s) to identify (1) any other locations where responsive documents might be located, and (2) anyone else in the office who might have responsive records.

Robinson Decl. ¶ 3. If a case has closed, Ms. Robinson determines whether the case file remains at USACO or has been transferred to the Federal Records Center ("FRC"). *Id*. ¶ 4. If a case file has been transferred, she requests its return. *Id*.

Ms. Robinson prepared a list of the 34 items plaintiff sought. Robinson Decl. ¶ 9. Because the criminal case preceded the FOIA request by roughly 10 years, she found it "highly unlikely that there would be any hard-copy documents remaining in the USACO." *Id*.; SOMF ¶ 13. She also determined that the AUSA who prosecuted plaintiff's criminal case "was the only remaining USACO employee who may have possessed responsive records." Robinson Decl. ¶ 12; SOMF ¶ 14. Ms. Robinson consulted the AUSA, *id*. ¶ 12, who "was no longer in possession of any documents from the . . . case." *Id*.; SOMF ¶ 14.

Next, Ms. Robinson requested the return of "the entire case file from the FRC in Broomfield, Colorado." Robinson Decl. ¶ 12. On April 14, 2016, she received six boxes of records. *Id*. ¶ 13; SOMF ¶ 15. Ms. Robinson set her stopwatch when she began her search with the intention of providing two hours of search time to which plaintiff was entitled without charge. Robinson Decl. ¶ 14; *see id*. ¶ 4. In that time, she identified three boxes of records "relating solely to [plaintiff's] appeals in his criminal case" and commenced a manual search of one box "looking for any materials related to any of the 34 requested items." *Id*. Ms. Robinson searched roughly 40% of the box within two hours. *Id*. At this pace, she "estimated that it would take approximately 3 hours to finish searching" the first box "for a total of 5 hours per box," or 13 hours to conduct a manual search of the remaining boxes. *Id*. ¶ 15; SOMF ¶¶ 15-16.

By letter dated June 13, 2016, EOUSA notified plaintiff that USACO located six boxes of potentially responsive records and estimated that each box contained between 2,000 and 4,000 pages. Luczynski Decl. ¶ 9; *see id*., Ex. F; SOMF ¶ 6. EOUSA advised plaintiff that the estimated cost of processing and copying responsive records (excluding 100 pages of records copied at no charge) was $195. Luczynski Decl. ¶ 9; SOMF ¶ 6. Plaintiff was instructed:

> In accordance with Federal Regulation 28 CFR 16.11(e), when a requester has been
> notified that estimated fees amount to more than $25.00, the request shall not be

considered received and further work shall not be completed until the requester agrees to pay the anticipated fees. If you wish to reduce the amount of fees, you may reformulate your request. Records identified for release after processing will not be released until payment has been received.

In order for your request to be processed, we must hear from you within 30 days of the date of this letter or we will close your request.

Luczynski Decl., Ex. F at 1. EOUSA received no further communication from plaintiff and closed the request. *Id*. ¶ 10; SOMF ¶ 17.

II. ANALYSIS

A. Summary Judgment in a FOIA Case[2]

"FOIA cases typically are resolved on summary judgment." *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The non-moving party must "designate specific facts showing that there is a genuine issue for trial" in order to survive summary judgment. *Id.* at 324 (internal quotation marks omitted). The mere existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is "genuine" only if a reasonable fact-finder

---

[2] The Court relies on matters outside the pleadings – EOUSA's two supporting declarations – to resolve defendant's motion. Accordingly, the Court treats defendant's motion to dismiss under Rule 12(b)(6) as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *see, e.g., Walsh v. FBI*, 905 F. Supp. 2d 80, 83 (D.D.C. 2012), *aff'd*, No. 12-5386, 2015 WL 1606659 (D.C. Cir. Mar. 9, 2015).

could find for the non-moving party; a fact is "material" only if it is capable of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987).

Defendant filed its motion on June 7, 2018, arguing that plaintiff failed to exhaust his administrative remedies and that EOUSA conducted reasonable searches for records responsive to plaintiff's FOIA requests. *See generally* Def.'s Mem. at 10-15. On June 8, 2018, the Court issued an Order advising plaintiff of his obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Specifically, the Court notified plaintiff that, if he failed to file an opposition or other response to defendant's motion by July 2, 2018, the Court would treat as undisputed Defendant's Statement of Material Facts As To Which There Is No Dispute, and could resolve the motion without the benefit of plaintiff's position. The Clerk of Court mailed a copy of the order to plaintiff at his address of record. To date, plaintiff has not filed an opposition, nor has he requested more time to do so.

"Under the Federal Rules of Civil Procedure, a motion for summary judgment cannot be 'conceded' for want of opposition." *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016). It remains the moving party's burden to demonstrate why it is entitled to summary judgment, *id.*, and the Court "must always determine for itself whether the record and any undisputed material facts justify granting summary judgment," *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (citation omitted) (Griffith, J., concurring). Therefore, the Court will consider the merits of defendant's motion.

B. EOUSA Conducted Reasonable Searches for Responsive Records

An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (citations and internal quotation marks omitted). "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (citing *Perry v. Block*, 684 F.2d 121, 128 (D.C. Cir. 1982)). The agency may submit affidavits or declarations to explain the method and scope of its search, *see Perry*, 684 F.2d at 126, and such affidavits or declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks and citation omitted)

Based on the Court's review of the Luczynski and Robinson declarations, and absent any showing to the contrary by plaintiff, EOUSA demonstrates that its searches for records responsive to both FOIA requests were reasonable. The fact that EOUSA found no records responsive to plaintiff's first request for information pertaining to bonds does not render the search inadequate. Ms. Robinson explains that plaintiff had been detained without a bond, and therefore USACO would not have had bond-related information about him. In addition, Ms. Robinson adequately describes the scope and method of her search for records responsive to plaintiff's second FOIA request, and in the circumstances of this case, it was reasonable for her to have contacted the AUSA to whom plaintiff's criminal case was assigned and to have retrieved records from the FRC.

C. Plaintiff Failed to Exhaust Administrative Remedies

"Exhaustion of administrative remedies is generally required before seeking judicial review" under FOIA. *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam). Exhaustion gives "the agency [] an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Id.* (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). "Paying fees, receiving a waiver, or appealing a refusal to waive fees is necessary for a plaintiff to exhaust administrative remedies." *Island Film, S.A. v. Dep't of the Treasury*, 768 F. Supp. 2d 286, 288 (D.D.C. 2011) (citations omitted). If a requester has not exhausted his administrative remedies prior to the filing of a civil action in district court, his claim is subject to dismissal. *See Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003); *Trueblood v. U.S. Dep't of the Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996).

DOJ and its components provide two hours of search time without charge to the requester. *See* 28 C.F.R. § 16.11(d)(4)(ii). If fees associated with a FOIA request are expected to exceed $25, the agency must notify the requester. *See* 28 C.F.R. § 16.11(e)(1). "In cases in which a requester has been notified that the actual or estimated fees are in excess of $25.00, the request shall not be considered received and further work will not be completed until the requester commits in writing to pay the actual or estimated total fee[.]" 28 C.F.R § 16.11(e)(2). In this case, EOUSA has demonstrated that it provided the two hours of search time without charge, that it notified plaintiff of its fee estimate, and that plaintiff had an opportunity either to pay the fees, to reformulate his request, or to appeal the fee determination. EOUSA has also shown that plaintiff did not respond timely to its notice. Thus, the record establishes that plaintiff failed to exhaust his administrative remedies prior to filing this civil action.

III. CONCLUSION

The Court concludes that defendant's undisputed material facts justify the grant of summary judgment in its favor.  An Order is issued separately.


DATE: November 19, 2018                   /s/
                                              AMY BERMAN JACKSON
                                              United States District Judge